Staples, J.,
delivered the opinion of the court.
This bill was filed without previous process, at the October term 1865, of the Circuit court of Albemarle county, by Tucker C. George, in his own right, and as administrator of Luther M. George, dec’d. Its object was to obtain a sale of a tract of land belonging to the estate of the intestate, upon the ground that partition was wholly impracticable, and that it would conduce to the interest of the heirs to sell the land and distribute the proceeds. The infant defendants answered by guardian ad litem,, the adults in proper person; and at the same time a decree was rendered in conformity with the prayer of the bill. The court also directed one of its commissioners to take an account of the outstanding debts against the estate, and the available assets to meet them. Under this decree, the commissioner made a report of the claims against the estate, amounting to between three and four thousand dollars; and of those due the estate very nearly to the same amount. He stated, however, that the debts due the estate, were generally contracted during the war, and might not realize when collected, their numerical amounts.
The land was sold for twelve thousand seven hundred and forty-one 75-100 dollars; of which one-third was paid in hand, and the remainder was secured by bonds *782 ma^u™S one> two an(i three years. The cash.' payment was duly distributed among the heirs and those claiming under them. Various orders and decrees were entered from time to time during the years 1865 and -^66 ’ as have no bearing upon the merits of this controversy, they need not be particularly mentioned.
It is not expressly stated, but it may be fairly inferred, that at the May term, 1866, a decree or order was asked for, appropriating a part of the proceeds of the land to the claims of creditors; but the court declined to do so ; expressing the opinion that the personal estate was the iiatural and primary fund 'for the payment of debts ; and whilst there might be a deficiency of personal assets, it was as certain as any human calculation could be, that with the addition of the second and third instalments of the purchase money for the land, the security for the creditors is most ample; and as they are debarred the privilege of collecting payment of their debts at law, • no reason is perceived why a court- of equity should compel such payment at this time. This was the view taken by the circuit judge at the May term, 1866. At the November term, 1867, however, he appears to have reached a very different conclusion. By his decree then entered, he directed the second instalment of the purchase money to be collected, and the proceeds to be paid ratably to the creditors of the intestate, according to the report of the commissioner; and he further expressed the opinion “ that the creditors have an absolute right according to every principle of equity, to the satisfaction of their claims now.”
It is into the correctness of this decision, we are called on to enquire, upon an appeal to this court by the infant and adult heirs.
As 'before stated, the bill was filed by Tucker O. *783 George, who was not only an heir, bnt the administrator of Luther M. George, the intestate. It stated that complainant had proceeded with all diligence in the administration of the estate, and had nearly completed it; and so far as he was informed there was but one1 ■debt due from the estate, and the assets in his hands would be sufficient to pay that. This statement and the report, of the commissioner showing the debts to and against the estate, constituted all the information possessed by the Circuit court, touching the administration of the estate. There was nothing to show the amount and value of the assets which originally came into the hands of the administrator ; or what disposition had been made of them.
It may be that his accounts were regularly settled before the proper court, and the assets duly and properly. administered; but the record fails to show the fact, and we are not at liberty to presume it.
It is well settled—a rule of the equity courts almost universally recognized—that the personal estate of the ■deceased is the natural and primary fund for the payment of the debts; and the lands will not be charged without first taking an account of such personal estate, and directing it to be applied to that object. The decree of the Circuit court was therefore erroneous in decreeing the land fund to the creditors without first requiring such account to be taken. 2 Rob. Prac. 86; Foster and wife v. Crenshaw's ex’or, 3 Munf. 514.
In the second place, the collection of the debts against the estate, as well as those due it, was at the time of this decree suspended by operation of the stay law. E that law be deemed constitutional, while it continued in force it was not in the power of a court of equity to decree their payment. If it was to be deemed unconstitutional, it was the duty of the court to direct the collection of the *784 debts due the estate, and the application of the proceeds to c^aims creditors, before subjecting the land fund-land .was sold, not to pay debts, but because particould not be conveniently made. The court was not authorized to decree a sale or payment at the instance of creditors. The language of the statute is express. By the 1st section of the act of March 2d, 1866, amended by the act of March 2, 1867, it is provided that “while this act continues in force no execution, venditioni exponas, attachment upon a decree, or order for the payment of money, or the sale of property, shall be issued, or if heretofore issued, shall be proceeded with.” The decree of the Circuit court is in plain contravention of this statute. It was also unjust to the heirs in appropriating; their property to the demands of creditors without first exhausting the personal estate, the natural and primary fund for the payment of debts. If the Circuit court apprehended a deficiency of assets, or that the rights of creditors might be endangered by a distribution among the heirs, the obvious course was to retain so much of the-land fund as was necessary, under the control of the court, until the amount of the deficiency was ascertained, and then to supply it by a resort to the proceeds of the sale so under its control. Ample time having elapsed since the expiration of the stay law to ascertain the available assets in the hands of the administrator, the court in all probability, may at once render a decree adjudicating and settling the rights of the parties. But the* decree m question, being clearly erroneous at the time it was entered, for the reason already stated, it must be reversed and the cause remanded, to be proceeded with in accordance with the principles herein announced.
The decree was as follows:
*785 This day came again the parties by counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred in charging the proceeds of sale of the land in the bill and proceedings mentioned, with the debts of the intestate, without first taking an account of the entire personal estate which came into the hands of the personal representative, and directing its application in discharge of such debts. So long as the debts due the estate were not collectable, by reason of the operation of the stay law, the debts against said estate could not be enforced, for the same reason, against the land, or the money resulting from its sale. If the Circuit court apprehended a deficiency of personal assets, or that the rights of creditors would be endangered by a distribution of the land fund among the heirs, it would have been proper to retain under its control so much of said fund as was necessary, until the amount of such deficiency was accurately ascertained, and then to supply the same by a resort to such land fund.
Therefore, it is ordered and decreed, that for the errors aforesaid, the decree of the Circuit court be reversed and annulled. And it "appearing to the court that the creditors in whose behalf said decree was rendered, are not formally before this court as parties, and that the only appellees are persons not bene fitted by or claiming under said decree, this court cannot now render a decree for costs agaiut said appellees or any of the creditors aforesaid: Wherefore, it is decreed and ordered, that the appellants be allowed their costs incurred in the prosecution of their appeal here, out of the fund in said Circuit court applicable to the claims of said creditors, and as a credit against the same.
*786 It is further decreed and ordered, that this cause be remanded to the said Circuit court, to be further proceeded in, according to the principles of this decree.
Decree reversed.